**FILED**

**July 10, 2015**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time: 2:13 PM**



## COURT OF WORKERS' COMPENSATION CLAIMS AT KNOXVILLE
## BUREAU OF WORKERS' COMPENSATION

| | |
|---|---|
| **MICHAEL ROBERT GANDY,**<br>　　　**Employee,** | **Docket No.: 2015-05-0103** |
| **v.** | **State File No.: 30030-2015** |
| **JANUARY ENVIRONMENTAL**<br>**SERVICES,**<br>　　　**Employer,** | **Date of Injury: April 2, 2015** |
| **And** | **Judge: Lisa A. Knott** |
| **FRANK CRUM,**<br>　　　**Insurance Carrier.** | |

---

### EXPEDITED HEARING ORDER (RECORD REVIEW ONLY)

---

THIS CAUSE came before the undersigned Workers' Compensation Judge upon the Request for Expedited Hearing (REH) filed on May 11, 2015, by the Employee, Michael Robert Gandy (Mr. Gandy), pursuant to Tennessee Code Annotated section 50-6-239, against the Employer, January Environmental Services (January Services). The REH requested review of the file without an evidentiary hearing. Upon review of the information/documentation provided and in consideration of the applicable law, the Court enters the following order holding that January Services is responsible for providing Mr. Gandy with medical benefits and mileage reimbursement.

### Issues

The Mediator identified the following issues on the Dispute Certification Notice (DCN):

- Whether Employer is exempt by law from the obligation to provide workers' compensation benefits to Employee.
- Whether Employee sustained an injury that arose primarily out of and in the course and scope of employment with Employer.

1

- Whether the alleged Employee would be deemed an independent contractor, casual employee, or volunteer at the time of the alleged injury, and therefore, is not entitled to workers' compensation benefits.
- Which Employer/Carrier was obligated to provide benefits to Employee at the time of the work-related injury.
- Whether Employee is obligated to provide a panel of physicians upon notice from Employee of an alleged injury.
- Whether Employer is obligated to pay for any past medical expenses and/or mileage expense.
- Whether Employee is entitled to additional medical care as recommended by a physician.
- Whether Employee is entitled to any past or future temporary total disability benefits, and if so, in what amount.
- Whether Employee is entitled to any past or future temporary partial disability benefits, and if so, in what amount.

### Documentation/Evidence Submitted

The Court received and considered the following documents from the parties. The Court designated the submitted documents as exhibits for ease of reference:

- Exhibit 1-Affidavit of Michael Gandy, May 7, 2015
- Exhibit 2-Request for Mileage Reimbursement
- Exhibit 3-Mr. Gandy's Driver's Logs (5 pages)
- Exhibit 4-Statement of Michael Gandy, April 21, 2015
- Exhibit 5-52 Week Wage Statement
- Exhibit 6-Request for Taxpayer Identification Number and Certification, Form W-9
- Exhibit 7-January Services Transport Check Payment in the amount of $841.50 to Michael Gandy
- Exhibit 8-Frank Crum Correspondence, May 5, 2015
- Exhibit 9-Frank Crum Correspondence, May 6, 2015
- Exhibit 10-Medical Record Certification and Medical Records from Concentra Medical Centers (11 pages)
- Exhibit 11-Medical Record Certification and Medical Records from Elite Sports Medicine, (10 pages)
- Exhibit 12-Broadspire Incident Report, April 24, 2015
- Exhibit 13-Affidavit of Attorney Heather H. Douglas
- Exhibit 14-April 3, 2015 email from Destiny Schwalk with January Services to Hannah Hatton with Frank Crum
- Exhibit 15-Frank Crum Client Service Agreement

2

- Exhibit 16-Benefit Election and Compensation Reduction Agreement
- Exhibit 17-W-4 Form
- Exhibit 18-Employee Direct Deposit Authorization Form
- Exhibit-19-Employment Eligibility Verification

The Court designated the following as the Technical Record:

- Petition for Benefit Determination (PBD), filed April 21, 2015,
- DCN, filed May 11, 2015,
- REH, filed May 11, 2015, and
- Motion to Consider Submission of Affidavit in Expedited Hearing.

The Court did not consider attachments to the above filings unless marked as an exhibit and listed above. The Court considered factual statements in the above filings and any attachments to them as allegations unless established by the evidence.

## History of Claim

On or about April 2, 2015, Mr. Gandy sustained injury to his left knee when he accidentally stepped back into an open manhole while working. *See* PBD. Mr. Gandy notified January Services of his knee injury. He sought authorized medical treatment on April 3, 2015, with Terri T. Wheeler, PA, Concentra Medical Center (Concentra). PA Wheeler ordered diagnostic testing, which did not identify any fractures. *See* Exhibit 10, April 3, 2015 office note. PA Wheeler opined that Mr. Gandy sustained a knee contusion, knee pain, and chest wall contusion, and ordered an MRI of the left knee to evaluate for internal derangement. *Id.* Further, PA Wheeler released Mr. Gandy to return to work with restrictions of "no squatting and/or kneeling, no climbing stairs or ladders, and should be sitting seventy five percent (75%) of the time." *Id.*

Mr. Gandy followed up with PA Wheeler after obtaining the MRI, and advised that he had not worked since light duty was not available. PA Wheeler referred Mr. Gandy for an orthopedic evaluation and placed restrictions of no squatting and/or kneeling; occasional standing and walking up to three (3) hours a day; and no driving the company vehicle due to functional limitations. *See* Exhibit 10, April 10, 2015 office note.

On April 13, 2015, Concentra informed Mr. Gandy that January Services denied the workers' compensation claim for his injury and instructed him to seek medical treatment under his private insurance. *See* Exhibit 1.

By self-referral, Mr. Gandy began treatment with Dr. Chad T. Price, Elite Sports Medicine and Orthopaedic Center (Elite Sports), on April 15, 2015. Mr. Gandy related

his injury to stepping in a manhole at work on April 2, 2015. Dr. Price diagnosed Mr. Gandy with "lateral meniscus tear and MCL tear or sprain" and recommended medication and physical therapy. Dr. Price continued restrictions of "no squatting, no lifting greater than fifteen (15) pounds, and no stairs or climbing." *See* Exhibit 11, April 15, 2015 office note.

January Services contracted with Frank Crum to provide an "Employee Leasing Arrangement." *See* Exhibit 15. As part of the agreement, Frank Crum provided payroll and workers' compensation benefits for all leased employees. Frank Crum did not consider Mr. Gandy to be a leased employee at the time of alleged injury and did not have workers' compensation coverage for his injury. January Services classified Mr. Gandy as an independent contractor, not an employee.

On April 21, 2015, Mr. Gandy submitted a PBD, seeking temporary total disability and medical benefits. The mediator filed the DCN on May 11, 2015. Mr. Gandy filed a REH on May 11, 2015 and requested a ruling based on the record.

### Mr. Gandy's Contentions

Mr. Gandy filed an affidavit in support of his position. The Court compiled Mr. Gandy's contentions from his affidavit and submitted documentation. *See* Exhibits 1 and 4. January Services hired Mr. Gandy on March 30, 2015, and issued him a hard hat, safety glasses, and company phone. His assigned employee identification number was 10415, his rate of pay was $16.50 per hour, and he received time and a half pay for any time worked over forty (40) hours per week. He filled out employment paperwork and underwent a physical with drug test. He also filled out dental and health insurance paperwork and completed a W-4 form, not a W-9 form.

While working at a Wal-Mart store in Ohio on April 2, 2015, he accidently stepped back into an open manhole. He notified "Nicole" at the main Oklahoma City office about the injury. When he woke up the next morning, he needed to see a doctor and called Nicole again. She instructed him to go to the office and advised "Travis" would take him to Concentra. At Concentra, he underwent x-rays and scheduled an MRI of his knee. After the MRI was performed, Concentra referred him to an orthopedic surgeon. On April 13, 2015, Mr. Gandy received a call from Concentra's referral department informing him that Destiny, from January Services, notified Concentra that January Services would not be filing a workers' compensation claim and he would need to proceed under his own insurance.

Mr. Gandy tried to contact Destiny and when he finally reached her, she said he was an independent contractor, and therefore they would not file a claim. It was the first time he heard the words "independent contractor" from anyone at January Services. He asked Destiny why no one informed him of this and Destiny said Travis should have told

4

him.

Mr. Gandy stated that the signature on the W-9 form filed by January Services is his signature. However, the rest of the form is not in his handwriting, the zip code is wrong, and the street name was incorrectly spelled. Mr. Gandy seeks mileage reimbursement for the following dates of service:

- April 3, 2015-Concentra first visit, sixty-eight (68) miles round trip;
- April 9, 2015-Diagnositc Center for MRI, seventy (70) miles round trip;
- April 10, 2015-Concentra second visit, sixty-eight (68) miles round trip; and
- April 15, 2015- Elite Sports Medicine, seventy (70) miles round trip.

### January Services's and Frank Crum's Contentions

January Services submitted a wage statement, a copy of a W-9 form, and a copy of a check dated April 9, 2015, made payable to Mr. Gandy for $841.50. *See* Exhibits 5, 6, and 7. It does not appear that January Services submitted any other documentation or information.

Frank Crum submitted the affidavit of attorney Heather Douglas; email dated April 3, 2014 from Destiny at January Services to Hannah Hatton from Frank Crum; Client Service Agreement; Benefit Election and Compensation Reduction Agreement; W-4 form; employee direct deposit authorization form; and employment eligibility verification. *See* Exhibits 13-19. March 24, 2015, is the date noted on all of the Employment Forms. January Services attempted to get Mr. Gandy approved by Frank Crum as a leased employee and sent an application with the Employment forms via email to Frank Crum on April 3, 2015. The subject of the email is "Nashville TN Employee" and the documents attached to the email are Mr. Gandy's Employment Forms.

The Frank Crum contract with January Services provided in relevant part that "Leased Employees" are defined as:

> [E]ach of Client's current and future employees who meet all of the following conditions none of which will be waived . . .

> II. The employee has completed and executed the Employee Leasing Application, W4 withholding form and form I9 (collectively, the "Employment Forms"),

> III. Client has delivered all completed and properly executed Employment Forms with respect to such employee to [Frank Crum's] payroll department,

5

IV. Frank Crum has received, reviewed, and accepted the Employment Forms with respect to each employee.

V. Frank Crum has notified Client in writing that such employee has been accepted by Frank Crum as a Leased Employee. Unless or until all of the forgoing conditions had been met, and you are notified in writing by our payroll department that the individual qualifies and has been accepted by a Leased Employee, Frank Crum will not be considered as such individual's employer for any purposes whatsoever . . .

*See* Exhibit 15.

Mr. Gandy claims his injury occurred on April 2, 2015. At that time, January Services had not yet submitted his application and Employment Forms to Frank Crum. Therefore, Frank Crum had not received or accepted Mr. Gandy as a leased employee at the time of the work injury.

### Findings of Fact and Conclusions of Law

#### *Standard Applied*

The Workers' Compensation Law shall not be remedially or liberally construed in favor of either party but shall be construed fairly, impartially and in accordance with basic principles of statutory construction favoring neither the employee nor employer. Tenn. Code Ann. § 50-6-116 (2014). An employee need not prove every element of his or her claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at \*7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). At an expedited hearing, an employee has the burden to come forward with sufficient evidence from which the trial court can determine that the employee is likely to prevail at a hearing on the merits. *Id.*

#### *Factual Findings*

- Mr. Gandy filled out employment paperwork for January Services on March 24, 2015 (Exhibits 15-19).
- Mr. Gandy started working as an employee for January Services on March 30, 2015 (Exhibits 1 and 4).
- On April 2, 2015, Mr. Gandy injured his left knee when he stepped into an open manhole in the course and scope of his employment with January Services (Exhibits 1, 4, and 11).

6

- Frank Crum and January Services had a client-service agreement to provide workers' compensation benefits for January Services' eligible leased employees (Exhibit 15).
- The client-service agreement states as one of the required conditions that "Frank Crum has received, reviewed, and accepted the Employment Forms with respect to each employee" (Exhibit 15).
- The client-service agreement further states:

> In the event you allow an applicant to perform services for you during any time period prior to our acceptance of the applicant as a Leased Employee and the applicant is injured during that period, we and our center are not responsible for providing workers' compensation benefits to that injured applicant, regardless of whether you submitted payroll for such applicant and we paid the applicant for the pre-employment payroll submission (Exhibit 15).

- January Services sent Mr. Gandy's Employment Forms to Frank Crum via email on April 3, 2015 (Exhibit 14).

*Application of Law to Facts*

Tennessee law provides the following concerning the determination of whether an individual is an employee or an independent contractor:

> In a work relationship, in order to determine whether an individual is an "employee," or whether an individual is a "subcontractor" or an "independent contractor," the following factors shall be considered:
>
> (i) The right to control the conduct of the work;
> (ii) The right of termination;
> (iii) The method of payment;
> (iv) The freedom to select and hire helpers;
> (v) The furnishing of tools and equipment;
> (vi) Self-scheduling of working hours; and
> (vii) The freedom to offer services to other entities[.]

Tenn. Code Ann. § 50-6-102(11)(D)(2014). Whether claimant is an employee or independent contractor depends upon the nature of business of the alleged employer, the way it is conducted, and the claimant's relationship to that business. *See Seals v. Zollo*, 327 S.W.2d 41 (Tenn. 1959).

In this case, there is no dispute that Mr. Gandy sustained injury while working in

the course and scope of his employment with January Services on April 2, 2015. January Services avers that Mr. Gandy is an independent contractor and not entitled to worker's compensation benefits. In support of its position, January provided a W-9 form. However, Frank Crum provided a W-4 form, an Employee Benefit Election and Compensation Reduction, an Employee Direct Deposit Authorization Form, and Employment Eligibility Verification. All of the "Employment Forms" reference "Employee," and are not the types of forms typically utilized in an independent contractor situation. The Court finds that January Services failed to establish that Mr. Gandy was an independent contractor instead of an employee.

The Court further finds that January Services allowed Mr. Gandy to perform work prior to receiving acceptance of Mr. Gandy as a Leased Employee from Frank Crum, and Mr. Gandy was injured while working for January Services. As a result, and pursuant to the Client Service Agreement, Frank Crum is not responsible for providing workers' compensation coverage for Mr. Gandy. January Services, as the direct employer of Mr. Gandy, is responsible for providing Mr. Gandy workers' compensation benefits. The provided medical records establish Concentra and Dr. Price assigned restrictions. However, there was no information/documentation provided by any party to address whether January Services accommodated or could have accommodated those restrictions.

**IT IS, THEREFORE, ORDERED** as follows:

1. The claim of Mr. Gandy against January Environmental Services for medical benefits and mileage reimbursement is hereby granted. January Services shall provide reasonable, necessary, and related treatment for Mr. Gandy's April 2, 2015 left knee injury. Since January Services never provided a panel of orthopedic physicians, Dr. Price shall be designated as the authorized treating physician. In addition, January Services shall reimburse Mr. Gandy's mileage expenses for the following provider visits:

   - April 3, 2015-Concentra first visit, sixty-eight (68) miles round trip;
   - April 9, 2015-Diagnositc Center for MRI, seventy (70) miles round trip;
   - April 10, 2015-Concentra second visit, sixty-eight (68) miles round trip; and
   - April 15, 2015- Elite Sports Medicine, seventy (70) miles round trip.

2. Currently, there is insufficient information available on the issue of entitlement to temporary disability benefits. If necessary, the issue of temporary disability benefits may be addressed at a later hearing.

3. This matter is set for Initial Hearing on September 11, 2015, at 9 a.m. CST/10 a.m. EST.

**ENTERED this the 10th day of July, 2015.**

_[signature]_

**HON. LISA A. KNOTT**
**Workers' Compensation Judge**

Initial Hearing:

An Initial Hearing has been set with Judge Lisa A. Knott, Court of Workers' Compensation Claims. You must call 855-383-0003 or toll free at 865-594-0109 to participate in the Initial Hearing.

Please Note: <u>You must call in on the scheduled date/time to participate.</u> Failure to call in may result in a determination of the issues without your further participation. All conferences are set using Central Time (CT).

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk _within seven (7) business days_ of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten (10) calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten (10) calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten (10) calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a statement of the evidence within ten (10) calendar days of the filing of the Expedited Hearing Notice of Appeal. The Judge must approve the statement of the evidence before the Court Clerk may submit the record to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appealing party shall file such position statement with the Court Clerk within three (3) business days of the filing of the Expedited Hearing Notice of Appeal, specifying the issues presented for review and including any argument in support thereof. If the appellee elects to file a response in opposition to the interlocutory appeal, appellee shall do so within three (3) business days of the filing of the appellant's position statement.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 10th day of July, 2015.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Michael Robert Gandy | | | X | Mgandy1961@gmail.com |
| Terry Hill | | | X | thill@manierherod.com |

PENNY SHRUM, COURT CLERK
wc.courtclerk@tn.gov

10